```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                         FORT WORTH DIVISION

WALTON JOHN ALEXANDER,           §
(TDCJ No. 0799196)               §
VS.                              §   CIVIL ACTION NO.4:07-CV-766-Y
                                 §
                                 §
ERATH COUNTY, Director, et al.   §
```

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(B)
             and UNDER 28 U.S.C. §§ 1915(e)(2)(B)
          (With special instructions to the clerk of Court)

This case is before the Court for review of pro-se plaintiff and inmate Walton John Alexander's claims under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The form civil rights complaint seeking relief under 42 U.S.C. § 1983 names as defendants Erath County, Texas; his trial and appellate counsel; and Nathaniel Quarterman. (Compl. Style; § IV (B).) Alexander contends that based upon newly discovered evidence, no rational jury would have convicted him of indecency with a child under newer DNA examination testing provided for under state law.(Compl. § V.) He seeks release from imprisonment, for the Court to overturn an illegal conviction, injunctive relief, and to receive monetary damages. (Compl. § V.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint, the Court concludes that Alexander's claims must be dismissed.

In *Heck v. Humphrey*,[6] the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[7]

---

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6] 512 U.S. 477 (1994).

[7] *Heck,* 512 U.S. at 486-87.

Although *Heck* involved a bar to claims for monetary damages, dismissal of a claim for injunctive relief may also be made pursuant to *Heck*.[8] The maturity of a § 1983 claim for monetary damages or injunctive relief therefore depends on whether a judgment in the plaintiff's favor would necessarily imply the invalidity of his conviction or imprisonment.[9]

Plaintiff Alexander challenges the validity of the basis for his conviction for indecency with a child, and the alleged ineffectiveness of his trial and appellate lawyers. As in *Heck*, Plaintiff's challenges, if successful, necessarily would imply the invalidity of his incarceration and conviction, and are thus not cognizable under § 1983 unless Plaintiff has satisfied the conditions set by *Heck.* Plaintiff has failed to establish that he has met one of the prerequisites to a § 1983 action set forth by the Supreme Court: Plaintiff has not shown that his conviction has been invalidated by a state or federal court.[10] As a result, Plaintiff's claims for monetary damages and injunctive relief are not cognizable under § 1983, and must be dismissed pursuant to 28 U.S.C. §

---

[8] *See Clarke v. Stadler,* 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc) (holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*), *cert. den'd,* 526 U.S. 1151 (1999).

[9] *Heck,* 512 U.S. at 486-87.

[10] Also pending before this Court, in *Alexander v. Quarterman,* 4:07-CV-678-Y, is a petition for writ of habeas corpus challenging a conviction for indecency with a child in cause number 10295 in the 266th Judicial District Court of Erath County, Texas.

1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[11]

All of plaintiff Alexander's claims are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met, under the authority of 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[12]

SIGNED April 24, 2008.

                                                  /s/ Terry R. Means
                                                  TERRY R. MEANS
                                                  UNITED STATES DISTRICT JUDGE

---

[11] *See Heck*, 512 U.S. at 487-88; *see also* Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir.1996) (holding that "[a] § 1983 claim which falls under the rule in Heck is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question").

[12] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).